846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas VETERE, Defendant-Appellant.
 No. 87-5067.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 22, 1987.
Decided April 14, 1988.
 
 (Thomas Karlton Knight, Snyder, Leonard, Biggers & Dodd, PA, on brief) for appellant.
 (Thomas J. Ashcraft, United States Attorney, Max Oliver Cogburn, Jr., Assistant United States Attorney, on brief) for appellees.
 Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Vetere pleaded guilty to two counts of violating 18 U.S.C. Sec. 2252, involving the transportation of visual depictions of minors engaging in sexually explicit conduct, and one count of violating 18 U.S.C. Secs. 2 and 2251, involving persuading or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. His counsel has filed a motion and brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which he requests permission to withdraw as Vetere's counsel on the ground that there are no issues of arguable merit in this appeal.
 
 
 2
 Vetere's counsel raised one issue in his Anders brief: whether the district court's violation of Fed.R.Crim.P. 11(e)(2) was reversible error. Vetere entered into a plea agreement under which the government agreed to recommend a total sentence of no more than fifteen years in prison. As this was a nonbinding recommendation under Fed.R.Crim.P. 11(e)(1)(B), the district court was required to inform Vetere that he would not be entitled to withdraw his guilty plea if the court decided to reject the recommendation. The district court did not comply with this requirement. Because the court decided to accept the government's sentencing recommendation, the court's failure to comply with this rule was harmless error. See Fed.R.Crim.P. 11(f).
 
 
 3
 Vetere has submitted a supplemental brief arguing that his plea was involuntary because he was misled concerning his potential sentence under the dangerous special offender statute, 18 U.S.C. Sec. 3575. He claims that the prosecutor had told him that he could receive a twenty-five year sentence on each count of the indictment, or a maximum sentence of seventy-five years on all charges. Vetere contends that his potential maximum sentence was only fifty-five years--ten years on each count of the indictment plus an additional twenty-five years for being a dangerous special offender.
 
 
 4
 Vetere's contention is incorrect. The dangerous special offender statute does not create an additional charge against a defendant who has prior convictions. Instead, it allows the district court to impose a more severe sentence for the felony of which the "dangerous special offender" has just been convicted. United States v. Williamson, 567 F.2d 610, 614 (4th Cir.1977). Vetere was charged with three separate felonies, and he could have been sentenced as a dangerous special offender on each felony conviction resulting from those charges.
 
 
 5
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal and accordingly affirm the judgment below.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council for implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 7
 Because the record discloses no reversible error, we affirm the conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court, and oral argument would not significantly assist the decisional process.
 
 
 8
 AFFIRMED.